Patrick J. Reilly
Nevada Bar No. 6103
Eric D. Walther
Nevada Bar No. 13611
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
Telephone: 702.382.2101
Facsimile: 702.382.8135
preilly@bhfs.com
ewalther@bhfs.com

*Attorneys for The Fremont Street Experience Limited Liability Company*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KELVIN GORDON, an individual; LILITH MCGRATH, an individual; KIANA FULLMORE, an individual; and the AMERICAN CIVIL LIBERTIES UNION OF NEVADA FOUNDATION, INC., a domestic nonprofit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF LAS VEGAS, a local municipal government entity; and FREMONT STREET EXPERIENCE, LLC, a domestic limited liability company;<br><br>Defendants. | Case No. 2:22-cv-01446-RFB-EJY<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING ON PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** |

The Fremont Street Experience Limited Liability Company ("FSE"), incorrectly sued as "Fremont Street Experience, LLC," hereby submits this reply memorandum in support of it motion for leave to file supplemental briefing related to a proposed remedy that was discussed at the October 7, 2022 hearing on Plaintiffs' Motion for Temporary Restraining Order (the "Reply").

/ / /

/ / /

/ / /

24808530.1

This Reply is based on the following Memorandum of Points and Authorities, the papers and pleadings already on file herein, and any oral argument the Court may choose to consider.

DATED this 18th day of October, 2022.

/s/ *Patrick J. Reilly*
Patrick J. Reilly
Eric D. Walther
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614

*Attorneys for The Fremont Street Experience Limited Liability Company*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

At the October 7, 2022 hearing on Plaintiffs' Motion for Temporary Restraining Order ("Motion"), this Court questioned the parties *sua sponte* on whether LVMC Chapter 11.68 would survive a facial First Amendment challenge if the FSE were required to adhere to all of the street performer ordinances. To the extent the Court is considering this as a possible remedy in this case, FSE respectfully requests the opportunity for all parties to submit additional briefing on the issue. As discussed below, Plaintiffs fail to set forth a valid basis for denying the parties the opportunity to fully brief the Court on this important and complex issue, which was raised for the first time at oral argument.

The mandatory injunction suggested by this Court (though not yet decided) belies that (1) the ACLU raised this very issue in *ACLU I*; (2) the framework of LVMC Chapter 11.68 went to the Ninth Circuit for review on two separate occasions without being overturned; (3) the ACLU voluntarily dismissed this same claim previously at the end of *ACLU I*; (4) the ACLU participated in the drafting of the very laws it is now challenging; (5) the ACLU publicly endorsed these laws as constitutional time, place, and manner restrictions; (6) the Las Vegas City Council adopted these ordinances noting the ACLU's endorsement; and (7) two other federal judges in this district have

2

24808530.1

already upheld the so-called "busker" ordinances in lawsuits decided in 2015 and 2016. That this Court is even *sua sponte* considering a mandatory injunction based upon this extensive history is remarkable. And, that the Court is considering relief that is not requested in the Complaint, was not requested in the briefing, and was not raised until oral argument directs that this Court cannot consider such an injunction without violating the basic due process rights of the parties.

## II.

## LEGAL ARGUMENT

### A.  Plaintiffs have never requested a <u>mandatory</u> injunction.

"[R]elief is treated as a mandatory injunction [if] it orders a responsible party to take action." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (internal quotations omitted). "A mandatory injunction goes well beyond simply maintaining the status quo *pendente lite* and is particularly disfavored." *Stanley v. University of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994); *see also Doe v. Snyder*, 28 F.4th 103, 111 (9th Cir. 2022) ("The standard for issuing a mandatory preliminary injunction is high."). "In general, mandatory injunctions are not granted unless extreme or very serious damage will result…." *Snyder,* 28 F.4th at 111 (internal quotations omitted). Prohibitory injunctions, on the other hand, simply "preserves the status quo" by **preventing** a party from acting and are not as disfavored as mandatory injunctions. *Stanley*, 13 F.3d at 1320.

Plaintiffs suggest that the proposed remedy (a mandatory injunction compelling FSE to "follow the same rules" as Plaintiffs) was requested in Plaintiffs' Complaint and Plaintiffs' Application for Temporary Restraining Order. This is simply not true. Indeed, Plaintiffs have only requested a **prohibitory** injunction that would **prevent** the Defendants from enforcing certain sections of LVMC Chapter 11.68. *See* Complaint, ECF No. 1, at ¶ 189 ("The ACLU of Nevada requests injunctive relief to **prevent** the City from passing and enforcing ordinances that violate the First Amendment") (emphasis added); Application for Temporary Restraining Order, ECF No. 7, at 2:17-19 ("Emergency relief is also necessary to **prevent** the City of Las Vegas from favoring FSE's First Amendment activity over other individuals….") (emphasis added).

In contrast to the prohibitory injunction requested by the Plaintiffs, the proposed remedy of an injunction compelling the FSE to comply with all of the street performer ordinances would be,

3

24808530.1

by definition, a mandatory injunction that is highly disfavored. And because Plaintiffs never pleaded for or requested such a mandatory injunction, the issue was never briefed or presented to the Court for consideration. As such, to the extent the Court is considering a mandatory injunction that would compelled the FSE to comply with all of the street performer ordinances, the parties should be allowed to fully brief that complex issue before a decision is made.

**B.      The proposed mandatory injunction would have devastating consequences that the Court must consider after full briefing by the parties.**

In deciding whether to issue injunctive relief, the Court must consider the balance of harm to the parties. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

Here, LVMC Chapter 11.68 was enacted in response to a Downtown Las Vegas that had become unseemly, crime ridden, and economically depressed. *See* LVMC 11.68.010 (setting forth the Las Vegas City Council's findings and rational for adopting LVMC Chapter 11.68). Without detailed briefing, one cannot appreciate the complex fabric of these rules, how and why the Fremont Street Experience functions, and all the work and money that it has taken to bring thousands of visitors each day. The granting of the proposed mandatory injunction would effectively rewrite the ordinances (without proper briefing) and would have a severe adverse impact on the equities and public policy.

As evidenced in the undisputed record, FSE has spent approximately $400 million to develop, create, operate, maintain, and advertise the Fremont Street Experience over the last 27 years. *Much of this money was spent after the ACLU's agreement that the ordinances now being challenged were constitutional time, place, and manner restrictions*. FSE's ongoing role as manager of the Fremont Street Experience will be placed in jeopardy, along with its ability to continue to manage the Mall, if it is expected to spend hundreds of millions of dollars to operate an attraction (providing entertainment, upkeep of facilities, security, advertising, etc.) that cannot even function as an attraction. In short, the remedy this Court is considering promises to "blow up" the complex structure and foundation of the Fremont Street Experience—a structure that has been in place for more than a quarter of a century after previously surviving numerous legal challenges, including one previously brought by the ACLU.

4

**C.     The proposed mandatory injunction would be vague on its face.**

In its Opposition, Plaintiffs repeatedly argue that this issue has already been briefed in detail, yet refuse to acknowledge that the Court's proposed remedy—a mandatory injunction compelling FSE to comply with LVMC §§ 11.68.103, 11.68.105, 11.68.107, and 11.68.108—was raised *sua sponte*. Because the parties never briefed whether a mandatory injunction is appropriate, it is entirely unclear how such a mandatory injunction would even work. Exactly which portions of LVMC §§ 11.68.103, 11.68.105, 11.68.107, and 11.68.108 would FSE be required to comply with, and how would it comply while operating the Fremont Street Experience as manager of the forum?

Plaintiffs still fail to address this in their Opposition brief, as they failed to do so at oral argument, providing no guidance or explanation on this issue. Instead, Plaintiffs assert, in conclusory fashion, that the proposed mandatory injunction is not vague because it would "bar[] the City from enforcing the provisions of LVMC 11.68 that regulate First Amendment conduct that either (1) FSE is exempt from following or (2) explicitly favor FSE's First Amendment activities over others." *See* Response, ECF 44, at 6:14-17. In addition to the fact that the Plaintiffs have once again described a **prohibitory** injunction, rather than a **mandatory** injunction, Plaintiffs' conclusory comment provides no guidance on how the suggested mandatory injunction would operate. Because the enforcement of the suggested mandatory injunction presents numerous complex issues, the parties should be given the opportunity to fully brief those issue before a decision is made.

**D.     The State of Nevada is a necessary party.**

Plainitffs argue that the State of Nevada is not a necessary party because he Plaintiffs are only challenging a city ordinance, not a state statute. But Plaintiffs ignore that enabling statutes of NRS 268.010 *et seq.* are inextricably intertwined with LVMC Chapter 11.68, and much of these state laws are nearly word for word identical to the City ordinances challenged here. Thus, by contending that the City laws are unconstitutional, Plaintiffs are effectively arguing that these identical and intertwined State laws are unconstitutional as well. Plaintiffs are therefore required to join the State of Nevada as a necessary and indispensable party, and the State must similarly be

given an opportunity to be heard on these points.

### E. The suggested mandatory injunction would create an absurd result that must be considered after full briefing by the parties.

Plaintiffs assert, in conclusory fashion with absolutely no explanation, that the suggested mandatory injunction would not create absurd results. *See* Opposition, ECF No. 44, at 6:20-23. But that is simply not the case.

FSE has been operating for nearly 27 years. The *ACLU I* case went to the Ninth Circuit ***twice*** and the Ninth Circuit never flagged the overall framework of LVMC Chapter 11.68 as problematic. The ACLU not only helped write the current rules, they publicly stated they are constitutional, and held to that position for more than a decade. And two federal judges in this federal district have already reviewed these rules and held them to be constitutional. *Ashley v. City of Las Vegas*, 2016 WL 6996999 (D. Nev. Nov. 27, 2016); *Peck v. City of Las Vegas*, 2016 WL 4697339, at *9 (D. Nev. Sept. 6, 2016).

Moreover, requiring FSE to follow the same rules that buskers are required to follow itself creates absurdities and unintended consequences that cannot be addressed without full briefing. Plaintiffs fail to acknowledge that the suggested mandatory injunction, if adopted, would require FSE to have headliner acts (paid as much as $250,000) to play in designated performance spaces, allow street performers to play on main stages without paying for the privilege, stop displaying video on the Viva Vision canopy when street performers are performing, etc.

In short, it would be unprecedented and deeply troubling for this Court to issue a mandatory injunction rewriting these laws, particularly without briefing. If the Plaintiffs have waited 27 years to actually press this issue now, after reversing their prior position as to the constitutionality of these ordinances, it is incumbent for this Court to provide the ample time and opportunity to research and write supplemental briefs while the parties fully explore these issues.

/ / /

/ / /

/ / /

/ / /

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

24808530.1

# III.

# **CONCLUSION**

Based on the foregoing, FSE respectfully requests leave for the parties to submit supplemental briefing on whether the FSE should be subject to the mandatory injunction suggested by the Court at oral argument on October 7, 2022.

DATED this 18th day of October, 2022.

/s/ *Patrick J. Reilly*
Patrick J. Reilly
Eric D. Walther
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614

*Attorneys for The Fremont Street Experience Limited Liability Company*

24808530.1

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of BROWNSTEIN HYATT FARBER SCHRECK, LLP, and that the foregoing **REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING ON PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** was served via electronic service on the 18th day of October, 2022, to the addresses shown below:

| | |
|---|---|
| Christopher M. Peterson, Esq.<br>Sophia A. Romero, Esq.<br>AMERICAN CIVIL LIBERTIES UNION OF NEVADA<br>peterson@aclunv.org<br>romero@aclunv.org<br><br>*Attorneys for Plaintiffs* | John A. Curtas, Esq.<br>City of Las Vegas<br>City Attorney's Office – Civil Division<br>jacurtas@lasvegasnevada.gov<br><br>*Attorneys for The City of Las Vegas* |

\_\_\_*/s/ Mary Barnes*_____
an employee of BROWNSTEIN HYATT FARBER SCHRECK, LLP

24808530.1